**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MAURICE W. PIERRE,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-15-0240-C-1 |
| 　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: April 4, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Louis D. Stober, Esquire, Garden City, New York, for the appellant.

J. Douglas Whitaker, Esquire, Omaha, Nebraska, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the compliance initial decision, which dismissed his petition for enforcement of a settlement agreement for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        As the administrative judge found in the compliance initial decision, the appellant filed a Board appeal alleging that he involuntarily retired from his Special Agent position with the agency.  *Pierre v. Department of Homeland Security*, MSPB Docket No. NY-0752-15-0240-C-1, Compliance File (CF), Tab 9, Compliance Initial Decision (CID) at 2.  The parties reached a settlement resolving the appeal.  *Pierre v. Department of Homeland Security*, MSPB Docket No. NY-0752-15-0240-I-2, Appeal File (I-2 AF), Tab 21 at 6-11.  The administrative judge issued an initial decision dismissing the appeal as settled.  I-2 AF, Tab 22, Initial Decision (ID) at 1-2.  She stated that the parties agreed not to make the settlement agreement enforceable by the Board, and thus, the agreement was accepted into the record only to document the disposition of the appeal.  ID at 2.

¶3        The appellant thereafter filed a petition for enforcement with the Board alleging that the agency breached the terms of the settlement agreement.  CF, Tab 1.  In a show cause order, the administrative judge informed the appellant that the Board may not have jurisdiction over his petition for enforcement and

ordered him to file evidence and argument on the jurisdictional issue. CF, Tab 4. The appellant responded. CF, Tab 7.

¶4 The administrative judge issued a compliance initial decision dismissing the petition for enforcement for lack of jurisdiction. CID at 1-3. Specifically, she found that, because the settlement agreement was not entered into the record for enforcement purposes due to an unresolved issue of Board jurisdiction over the underlying appeal, the Board lacks the authority to enforce the agreement. CID at 2. She also found that, although the appellant indicated that he wished to file a petition for review concerning the breach issue, a petition for review must be filed with the Clerk of the Board. CID at 1 n.1. She further found that, to the extent he was attempting to file a petition for review with the field office, such a motion was denied. *Id.*

¶5 The appellant has filed a petition for review of the compliance initial decision. Petition for Review (PFR) File, Tab 1. He reasserts that the agency breached the terms of the settlement agreement by providing an inadequate "good guy" letter. *Id.* at 5-7; CF, Tab 1 at 3-4. In addition, he requests that either the Board grant his petition for enforcement and reverse the compliance initial decision, or "the Petition be deemed a new Petition for a violation of [his] rights as expressed in the settlement agreement." PFR File, Tab 1 at 5. He also submits his response to the administrative judge's show cause order with exhibits and the compliance initial decision. *Id.* at 11-34.[2] The agency has filed a response. PFR File, Tab 3.

---

[2] We need not consider these submissions because they do not constitute new evidence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already a part of the record is not new); *see also* 5 C.F.R. § 1201.115(d) (specifying that the Board may grant a petition for review based on new and material evidence). Furthermore, these submissions are immaterial to whether the Board has jurisdiction over the appellant's petition for enforcement, and thus, do not warrant a different outcome than that of the compliance initial decision.

¶6    For the following reasons, we agree with the administrative judge's finding that the Board lacks jurisdiction over the appellant's petition for enforcement.[3] CID at 2-3. It is well settled that the Board lacks authority to enforce a settlement agreement that was not entered into the Board's record for enforcement purposes. *Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 6 (2006); *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994). Here, the settlement agreement is silent regarding whether it should be entered into the record for purposes of enforcement by the Board, and the appellant does not dispute that, during the settlement conference, the administrative judge informed the parties that the settlement agreement would not be entered into the record for enforcement purposes and that the parties agreed to such. I-2 AF, Tab 20, Compact Disc (settlement conference recording). Thus, the agreement is not enforceable by the Board.

¶7    The appellant has reiterated his request to file a petition for review regarding an alleged breach of the agreement by the agency. PFR File, Tab 1 at 5, 7-8; CF, Tab 7 at 4-6. Because the appellant neither argues that the administrative judge erred in dismissing the underlying appeal as settled nor challenges the validity of the settlement agreement, his request is in substance a petition for enforcement, and thus, it provides no reason to disturb the compliance initial decision. *See Diamond v. U.S. Postal Service*, 51 M.S.P.R. 448, 450 (1991) (construing the appellant's filing as a petition for enforcement when the appellant alleged that the agency breached the settlement agreement), *aff'd*, 972 F.2d 1353 (Fed. Cir. 1992) (Table); *see also Barker*, 100 M.S.P.R. 695, ¶ 4

---

[3] While the petition for review of the compliance initial decision was pending, the Board held in *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶ 21 (2017), that the Board has enforcement authority over settlement agreements that have been entered into the record for that purpose, independent of any prior finding of Board jurisdiction over the underlying matter appealed. Here, because the settlement agreement was not entered into the record for enforcement purposes, *Delorme* has no bearing on the instant case.

(stating that a party may file a petition for review challenging the validity of a settlement agreement, regardless of whether it has been entered into the record for enforcement, if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake).

¶8        Accordingly, we find that the administrative judge properly dismissed the appellant's petition for enforcement for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for

                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.